NOT DESIGNATED FOR PUBLICATION

No. 115,083

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN R. LOGAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed February 10, 2017. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*:  Kevin R. Logan appeals the denial of his K.S.A. 60-1507 motion. Our review of the record on appeal reflects no abuse of discretion by the district court in summarily denying his motion and his subsequent motion for reconsideration. We affirm.

FACTS

In 2009, a jury convicted Logan of aggravated robbery. The district court sentenced him to 216 months' imprisonment running consecutively to a prior juvenile sentence. Logan appealed, and a panel of this court remanded for resentencing. *State v.*

1

*Logan*, No. 103,926, 2011 WL 3250572 (Kan. App. 2011) (unpublished opinion). The district court resentenced Logan on March 16, 2012.

On March 8, 2013, Logan filed a motion pursuant to K.S.A. 60-1507 alleging the complaint was defective, prosecutorial misconduct, and ineffective assistance of appellate counsel. On March 13, 2013, the district court summarily denied Logan's motion, stating:

> "Petitioner's prior action because all issues arose from his complaint concerning the defective nature of the complaint and Information. These matters that were or should have been addressed on appeal. Petitioner's effort to generally tie conduct of appellate counsel to this same issue is not convincing to the court. No further order shall issue."

However, the order did not get filed. More than 2 years later, Logan requested the status of his motion because he had not heard from the court. On August 5, 2015, the district court filed its order summarily denying Logan's 1507 motion. Thereafter, Logan filed a motion requesting the district court make findings of fact and conclusions of law in compliance with Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271).

On September 1, 2015, Logan filed a document titled "Motion to recuse Judge Fleetwood, Motion to Reconsider, Motion for Clarification." On September 2, 2015, Logan filed a notice of appeal. The district court denied Logan's motion for clarification. It also denied his motion for reconsideration, stating: "Motion to Reconsider Denied. Matter is on appeal."

ANALYSIS

*No Relief Available*

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court utilizes. *Sola-Morales*, 300 Kan. at 881. When the district court summarily denies a 1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish no relief is available. 300 Kan. at 881.

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. 300 Kan. at 881.

*Aiding and Abetting Does Not Have to be Specifically Charged*

Logan argues the district court erred when it summarily denied his 1507 motion claiming the complaint was defective. Specifically, he contends the complaint was defective because his name was the only one listed on the complaint and it failed to charge an aiding and abetting theory.

3

However, in *State v. Betancourt*, 299 Kan. 131, 140, 322 P.3d 353 (2014), the Kansas Supreme Court held:

"The State is not required to charge aiding and abetting in order to pursue such a theory at trial. If at trial the jury could reasonably conclude that the defendant aided and abetted another in the commission of the crime, it is appropriate to instruct the jury on aiding and abetting. See, *e.g., State v. Amos*, 271 Kan. 565, 23 P.3d 883 (2001); *State v. Pennington*, 254 Kan. 757, 764, 869 P.2d 624 (1994); *State v. Motor*, 220 Kan. 99, 102, 551 P.2d 783 (1976). This is because the statutory scheme explicitly states that one who aids and abets in the commission of any offense may be charged, tried, and convicted in the same manner as if acting as a principal. 220 Kan. at 102."

Thus, the State's failure to charge Logan with aiding and abetting did not render the complaint defective.

*Logan's Appellate Counsel Was Not Ineffective*

In his 1507 motion, Logan raised several claims of ineffective assistance of appellate counsel. He argued appellate counsel was ineffective because he failed to challenge an allegedly defective complaint, failed to argue prosecutorial misconduct, failed to challenge a jury instruction, and failed to argue that the elements of aggravated robbery and aiding and abetting "are completely different."

To establish ineffective assistance of counsel on appeal, defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014).

Logan asserts his appellate counsel should have raised the defective complaint, the improper jury instruction, and his prosecutorial misconduct claims because they were objected to, and thus preserved. However, he does not further argue these issues in his brief. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague,* 303 Kan. 418, 425, 362 P.3d 828 (2015).

Logan also argues his appellate counsel was ineffective for failing to assert a "deadbang-winner" based on *State v. Cato-Perry*, 48 Kan. App. 2d 92, 96, 284 P.3d 363 (2012), *overruled by Betancourt*, 299 Kan. at 140-41, which concluded the principal and aider and abetter theories of liability are alternative means of criminal liability requiring jury unanimity. The opinion in Logan's direct appeal was filed on July 22, 2011, and the mandate issued on January 11, 2012. However, *Cato-Perry* was not filed until August 17, 2012, more than 7 months after the mandate was issued in Logan's direct appeal, and more than 1 year after the opinion was filed. Further, even the case the *Cato-Perry* court adopted its reasoning from—*State v. Boyd,* 46 Kan. App. 2d 945, 268 P.3d 1210 (2011), *overruled by Betancourt*, 299 Kan. at 140-41—was not published until 5 months after this court issued its opinion in Logan's direct appeal. Thus, contrary to Logan's contention, there was no Kansas authority supporting his claim during his direct appeal. Logan's appellate counsel was not ineffective for failing to assert error based on a case that did not become the law in Kansas until 7 months after the mandate in his case was filed. See *Betancourt*, 299 Kan. at 140-41.

*Kansas Supreme Court Rule 183(j) does not apply to motions for reconsideration.*

Logan also appeals the district court's denial of his motions for clarification and reconsideration arguing the district court failed to comply with Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271). The State argues Logan's claim is not properly before this court because he did not object to inadequate findings of fact or conclusions of law before the district court.

"Motions to reconsider are generally treated as motions to alter or amend under K.S.A. 60-259(f)" and are reviewed for an abuse of discretion. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Assurance Co.,* 302 Kan. 66, 74, 350 P.3d 1071 (2015).

The district court's order on Logan's motion for clarification simply states: "Motion for clarification is denied." Similarly, the district court's order on Logan's motion for reconsideration states: "Motion for reconsideration is denied. Matter is on appeal."

Logan primarily argues the district court erred because its rulings were inadequate under Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271). Rule 183 is titled "Procedure under K.S.A. 60-1507." Subsection (j) states in its entirety: "Judgment. The court must make findings of fact and conclusions of law on all issues presented." 2015 Kan. Ct. R. Annot. 271. Logan cites numerous cases holding a district court must comply with Rule 183(j) when ruling on a 1507 motion. However, Logan has not cited any authority holding the district court's ruling on a motion to reconsider must also meet the requirements of Rule 183(j). Our research reveals only one other Kansas case has addressed this issue:

> "[T]he plain language of Rule 183(j) appears to apply only to decisions on the merits of K.S.A. 60-1507 motions and does not mention motions to reconsider. Although failure to follow Rule 183(j)'s requirements may be a reason for a district court to grant a motion for reconsideration, we find that the district court is not required by Rule 183(j) to make specific findings of fact and conclusions of law when denying a motion to reconsider." *Phillips v. State*, No. 114,173, 2016 WL 3570487, at *2 (Kan. App. 2016), *petition for rev. filed* July 25, 2016.

6

While *Phillips* is not controlling law, we find its reasoning persuasive. Rule 183(j) does not mention motions to reconsider. Instead, the language requiring a district court to make findings of fact and conclusions of law immediately follows the heading "Judgment." The plain language of Rule 183(j) does not support the application of Rule 183(j) to a motion to reconsider.

Affirmed.