NOT DESIGNATED FOR PUBLICATION

No. 115,865

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LAROY BECKFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed June 16, 2017. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*: In his second appeal to us concerning his motion filed pursuant to K.S.A. 60-1507, Laroy Beckford complains the district court erred by denying him relief. Beckford was arrested for and convicted of aggravated robbery. After his conviction was affirmed by our court, he filed a K.S.A. 60-1507 motion alleging he received ineffective assistance of counsel at trial. The district court denied the motion after a nonevidentiary hearing; on appeal, our court affirmed most of the allegations but remanded the case for an evidentiary hearing on whether trial counsel sufficiently investigated a mental disease or defect defense. After a hearing, the district court again denied Beckford relief. We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2005, Laroy Beckford was charged with the aggravated robbery of the Commander's Inn Hotel in Leavenworth, Kansas. Shortly thereafter, a competency evaluation was ordered, Beckford was deemed incompetent to stand trial, and he was committed to Larned State Hospital. "Nine months later, the court reassessed Beckford and declared him competent to proceed. On April 24, 2007, a jury found Beckford guilty of aiding and abetting in the aggravated robbery" of the hotel. *Beckford v. State*, No. 108,693, 2013 WL 5870047, at *1 (Kan. App. 2013) (unpublished opinion).

Beckford filed a direct appeal, and our court affirmed his conviction in *State v. Beckford,* No. 100,077, 2009 WL 401003 (Kan. App. 2009) (unpublished opinion).

"Following his direct appeal, Beckford filed a timely K.S.A. 60-1507 motion. The district court appointed counsel, held a nonevidentiary hearing, and denied the motion. The district court found that Beckford's direct appeal had already addressed many of his claims, that Beckford's contentions were merely conclusory and speculative, and the only evidence Beckford proposed to offer was his own testimony as set forth in an affidavit. The district court held that Beckford failed to show ineffective assistance of counsel and was not entitled to relief under K.S.A. 60-1507." 2013 WL 5870047, at *1.

Our court generally affirmed the district court's denial of relief but found that it was unclear if Beckford's trial attorney sufficiently investigated whether there was evidence upon which a mental capacity defense could have been crafted and remanded the case for an evidentiary hearing on this issue. 2013 WL 5870047, at *4-6.

Because Beckford's attorney was awaiting additional information at the time the K.S.A. 60-1507 hearing was set, the hearing was bifurcated—trial counsel testified on July 29, 2014, and all other witnesses testified on February 17, 2015. At the close of the

second hearing, the district court concluded that Beckford failed to prove that trial counsel had provided him ineffective assistance and again denied him relief.

Beckford now appeals.

DID THE DISTRICT COURT ERR IN DENYING BECKFORD'S K.S.A. 60-1507 MOTION?

Beckford argues the district court erred when it denied him relief after an evidentiary hearing on his K.S.A. 60-1507 motion, claiming he received ineffective assistance of counsel at trial. Claims alleging ineffective assistance of counsel present mixed questions of fact and law; consequently, we review the underlying factual findings for support by substantial competent evidence and the legal conclusions de novo. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury; the reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). "To prevail on [a claim of ineffective assistance of counsel], a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances" and (2) the defendant was prejudiced by counsel's error. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014). To establish prejudice, the defendant must show "that there is a reasonable probability that, but for the deficient performance, the [outcome of the proceeding would have been different]. [Citations omitted.] A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Miller v. State*, 298 Kan. 921, 934, 318 P.3d 155 (2014).

Beckford specifically argues the district court erred when it concluded that trial counsel's decision not to pursue a mental disease or defect defense was reasonable and made after a thorough investigation into Beckford's mental health history. In reaching its decision, the district court made extensive findings about Beckford's mental health and trial counsel's performance, including:

- Based on the reports of the mental health professionals at Larned State Hospital, there was no indication that Beckford lacked the ability to form criminal intent at the time he participated in the robbery of the motel.

- Trial counsel read the reports from Larned and spent time interacting with Beckford. Based on the reports, the conversations she had with Beckford, and her experience, she came to believe that she would be unable to find an expert to contradict the conclusion that Beckford was capable of forming criminal intent.

- At Larned, Beckford was diagnosed with mild mental retardation, substance abuse, antisocial behavior, and aggressiveness.

- The reports from Larned contained facts that would have been unflattering to Beckford and would have made his defense more difficult because these facts would have come into evidence had a mental defect defense been pursued. These facts included a note indicating that evaluators believed Beckford manipulated the results of his initial evaluation in which he was found incompetent and warning that if he again behaved "in a manner that provides information which appears he does not comprehend, it should be regarded as a purposeful effort" to manipulate; the conclusion that he was able to form criminal intent at the time of the robbery; and information regarding his history of antisocial and aggressive behavior.

- Trial counsel concluded—based upon her experiences and after investigation—that a mental disease or defect defense would not be the best defense to pursue.

4

The district court then concluded that Beckford failed to prove the first prong of the ineffective assistance of counsel test—error—and denied his requested relief.

There is substantial competent evidence in the record to support the district court's findings. Trial counsel testified that prior to being assigned to Beckford's case, she had experience working with other defendants who exhibited indications that they had some mental issue that prevented them from being able to form the mens rea necessary to be convicted of the crimes with which they were charged. She testified that in this case she read through the discharge records from Larned and spent time interacting with Beckford before coming to the conclusion that a mental disease or defect defense was not her best trial strategy. According to Beckford, trial counsel also received and reviewed information from the Leavenworth Guidance Center about the treatment and diagnoses he had received there, and he had discussed his mental health history with her. Based on what she knew, trial counsel testified that she did not think she would be able to find an expert to testify in support of this defense and she was concerned that attempting such a defense would allow the State to bring in unflattering information about Beckford that would be compromising.

Trial counsel's testimony was supported by Beckford's records from Larned. While Beckford was initially found unfit to stand trial, the same report indicated that based on the information available, there was no sign that Beckford "behaved in a bizarre, demented or psychotic manner which would have indicated he suffered symptoms of a mental disease (mental defect) to indicate he lacked the mental state required as an element of the offenses charged" at the time of the robbery. The report concluded that Beckford did not understand the trial process well enough to assist his attorney with his own defense and thus was incompetent to stand trial, but he exhibited no other indications of a psychiatric disorder which would have warranted prescribing psychotropic medications. Although Beckford testified at the K.S.A. 60-1507 hearing that he regularly had blackouts, may have been having a blackout during the time of the

5

robbery, and had multiple blackouts while at Lansing Correctional Facility, there is no mention of such a condition in the records from Larned.

The second report cleared Beckford to stand trial, noted his propensity to break rules and behave violently while at Larned, and concluded that in the future if Beckford appeared not to understand the trial process, such behavior should be regarded as a purposeful effort and not due to psychiatric problems.

The district court's factual findings support the legal conclusion that trial counsel did not provide Beckford with ineffective assistance at trial. Attorneys have broad discretion to make strategic trial decisions, and they will only be found ineffective based on a strategic decision if the decision was made after a less than comprehensive investigation. Even then,

> "'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

As Beckford points out, trial counsel did not contact all of the former mental health professionals who treated him prior to determining not to use a mental disease or defect defense. This, however, was reasonable based on the information trial counsel did have: a report speculating that Beckford was capable of forming the necessary mens rea at the time of the robbery; a report cautioning those involved in the case to view any further indications that Beckford was unfit to stand trial as an attempt to manipulate the

6

system; records indicating that Beckford had a history of aggressiveness and antisocial behavior; and the knowledge that if she attempted to pursue a mental disease or defect defense, all medical records would have been admissible. In light of the many negative facts contained in the Larned reports that would have caused a jury to question Beckford's veracity and character and the scarcity of evidence that would have provided a basis for a defense, it was reasonable for Beckford's trial counsel not to further pursue an investigation into a mental disease or defect defense. The record supports the district court's denial of Beckford's K.S.A. 60-1507 motion.

Affirmed.