NOT DESIGNATED FOR PUBLICATION

No. 126,861

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROMULO BOJORQUEZ-CARRASCO,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Grant District Court; BRADLEY AMBROSIER, judge. Submitted without oral argument. Opinion filed February 6, 2026. Affirmed.

*Ryan D. Reddick*, of Yoxall, Antrim & Frymire, LLP, of Liberal, for appellant.

*Paul F. Kitzke*, special prosecutor, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, District Judge, assigned.

PER CURIAM: Romulo Bojorquez-Carrasco appeals the district court's denial of his K.S.A. 60-1507 motion for ineffective assistance of trial counsel following an evidentiary hearing. He claims that the district court should have considered whether counsel's performance resulted in cumulative error, even if the court rejected each of his several individual claims of errors. But the cumulative error rule does not apply when there are no errors. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

*Bojorquez-Carrasco's criminal case resulted in several convictions.*

In 2017, two officers initiated a traffic stop of Bojorquez-Carrasco because they knew that he did not have a valid driver's license. Bojorquez-Carrasco was driving the vehicle, and Fredrico Pauda—a witness at trial—was a passenger.

As law enforcement confronted him, Bojorquez-Carrasco exited the vehicle, refused to comply with the officers' demands, and fled the scene. A chase and physical altercations between Bojorquez-Carrasco and one of the officers ensued, but Bojorquez-Carrasco was ultimately caught and placed under arrest. The officers then searched a jacket that was pulled off Bojorquez-Carrasco during the struggle. In doing so, they found a glass smoking pipe, a bag containing marijuana, bags containing methamphetamine, and empty plastic bags.

At the jury trial, Bojorquez-Carrasco denied possession of the items found in his jacket. He testified that he let Pauda borrow the jacket earlier that day and suggested that the items belonged to Pauda. But Pauda testified that he never owned or borrowed the jacket. Pauda also testified that he saw Bojorquez-Carrasco bag up the methamphetamine and put it in the jacket.

Bojorquez-Carrasco directly appealed his convictions, arguing jury instruction errors deprived him of a fair trial. This court found no reversible error and thus affirmed his convictions. *State v. Bojorquez-Carrasco*, No. 120,567, 2020 WL 2503271, at *6 (Kan. App. 2020) (unpublished opinion).

*Bojorquez-Carrasco filed a 60-1507 motion alleging many errors by defense counsel.*

In February 2022, Bojorquez-Carrasco filed the current K.S.A. 60-1507 motion. He later filed supplemental motions, and ultimately alleged that trial counsel was ineffective for failing to:

- make reasonable investigations to adequately prepare for trial;
- file pretrial motions to suppress the evidence seized by police;
- impeach Pauda's testimony;
- withdraw as counsel despite personal conflicts of interests and a physical altercation with Bojorquez-Carrasco;
- object to improper jury instructions;
- make necessary challenges or requests to strike certain jurors; and
- move for a mistrial after witnessing improper contacts between a juror and one of the State's witnesses.

Bojorquez-Carrasco also raised claims of ineffective assistance of appellate counsel and clear jury instruction error.

The district court granted Bojorquez-Carrasco an evidentiary hearing on his motion. Bojorquez-Carrasco, trial counsel (Razmi Tahirkheli), and the arresting officer (Ronald Vagher) testified at the hearing.

*At the hearing, Bojorquez-Carrasco alleged Tahirkheli committed numerous errors.*

In his testimony, Bojorquez-Carrasco claimed that shortly before the trial, Tahirkheli told him that he planned to withdraw from his case. This conversation occurred in a conference room next to the courtroom and resulted in a physical altercation. According to Bojorquez-Carrasco, he and Tahirkheli began arguing, then

3

Tahirkheli pushed him against a wall and stormed out of the room. After the altercation, Tahirkheli asked the court for permission to withdraw. Bojorquez-Carrasco, on the other hand, wanted Tahirkheli to stay on the case, apparently due to the desire not to delay the case, which was pushing up to a speedy trial deadline.

Despite this request, Bojorquez-Carrasco asserted at the hearing that Tahirkheli never discussed his defense or the evidence with him before trial. Bojorquez-Carrasco also found fault with Tahirkheli's failure to secure video footage, apparent refusal to call the owner of the house where the arrest occurred as a witness, and failure to properly impeach Pauda, who Bojorquez-Carrasco believed to be a confidential informant. Finally, Bojorquez-Carrasco claimed that Tahirkheli never discussed the pros and cons of testifying at trial and did not adequately prepare him to testify, despite Tahirkheli's strong recommendation to take the stand.

*Tahirkheli testified that Bojorquez-Carrasco barred his exit, that he properly prepared for trial, and that he communicated effectively.*

At the evidentiary hearing, Tahirkheli denied that he failed to adequately prepare for trial or otherwise failed to provide adequate assistance of counsel. He testified that he met with Bojorquez-Carrasco several times before trial. He also explained that Bojorquez-Carrasco continuously accused him of working with the prosecutor, which resulted in a breakdown in communications and led him to move to withdraw as counsel. He was not, however, permitted to withdraw. Regarding the incident that occurred in the conference room, Tahirkheli testified that Bojorquez-Carrasco physically blocked his exit and started "bumping" him, so Tahirkheli simply pushed him out of the way.

Tahirkheli admitted that he did not file any pretrial motions. But he testified that he made this decision intentionally because a motion to suppress would likely fail under the circumstances. Tahirkheli did not recall any requests for subpoenaing specific

4

witnesses other than Bojorquez-Carrasco's wife. Also, Bojorquez-Carrasco consistently thought that someone was withholding evidence from him, but Tahirkheli filed discovery motions seeking that evidence and had confirmed with the prosecutor that he had all of the videos the prosecutor had been given by law enforcement. Tahirkheli also had previous encounters with the prosecutor and had no reason to believe that the prosecutor failed to hand anything over. And he sent everything that he received to Bojorquez-Carrasco and his wife before trial.

Finally, in response to questions posed by the district court, Tahirkheli testified about his extensive background in criminal defense. He estimated that he had participated in around 200 jury trials.

*The district court denied Bojorquez-Carrasco's 60-1507 motion.*

The district court ultimately denied Bojorquez-Carrasco's motion. The court found that Bojorquez-Carrasco failed to sufficiently prove *any* of his specific allegations against Tahirkheli. The court also found that Bojorquez-Carrasco "completely failed to meet his burden" of showing any prejudice caused by Tahirkheli's performance.

Bojorquez-Carrasco appeals.

ANALYSIS

To prevail on claims of ineffective assistance of trial counsel, the 60-1507 movant must show both that legal representation "fell below an objective standard of reasonableness" guaranteed by the right to counsel in the Sixth Amendment to the United States Constitution and that, absent the substandard lawyering, there is "a reasonable probability" the outcome in the criminal case would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State*

5

*v. Phillips*, 312 Kan. 643, 676, 479 P.3d 176 (2021). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Evans*, 315 Kan. 211, 218, 506 P.3d 260 (2022).

To establish deficient performance, the movant must show that defense counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel must be highly deferential. A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, reconstruct the circumstances surrounding the challenged conduct, and evaluate the conduct from counsel's perspective at the time. *Evans*, 315 Kan. at 218. We must also strongly presume that defense counsel's conduct fell within the wide range of reasonable professional assistance. That is, the movant must overcome the strong presumption that, under the circumstances, counsel's action might be considered sound trial strategy. *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021).

When, as here, the district court denies a 60-1507 motion after a full evidentiary hearing, this court must accept the district court's findings of fact as long as they are supported with substantial competent evidence. *Bellamy v. State*, 285 Kan. 346, 354-55, 172 P.3d 10 (2007).

Bojorquez-Carrasco argues that the district court's conclusion that he did not receive ineffective assistance of counsel was not supported by substantial competent evidence. However, he concedes that the district court considered each of his individual allegations of ineffectiveness, and he does not challenge any of the specific rulings or supporting findings as to each individual claim. Although he recognizes that individual errors committed by an attorney may not establish deficient performance when considered separately, he contends that errors may be "aggregated to satisfy" this requirement. He suggests that whether errors may be aggregated in this way has not yet

been decided in Kansas. But contrary to Bojorquez-Carrasco's suggestion, our Supreme Court has considered whether individual instances of deficient performances may rise to the level of cumulative error in reviewing K.S.A. 60-1507 claims. See, e.g., *Khalil-Alsalaami*, 313 Kan. at 528-30. So whether cumulative error may be argued to prove ineffective assistance of counsel or other constitutional violations is not a matter of first impression.

In fact, it is well established that in determining whether the Sixth Amendment right to counsel under the United States Constitution has been satisfied, courts must look at counsel's overall performance and the overall effect of that performance in representing a criminal defendant. See *Kimmelman v. Morrison*, 477 U.S. 365, 386, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) ("[U]nless consideration is given to counsel's overall performance, before and at trial, it will be 'all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'"); *Khalil-Alsalaami*, 313 Kan. at 486 (noting that courts must consider the totality of the evidence put before the judge or jury to decide whether deficient performance of counsel caused prejudice). And a minor mistake or multiple mistakes do not necessarily establish that an attorney failed to provide constitutionally competent representation. See *Harrington v. Richter*, 562 U.S. 86, 104-05, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Kimmelman*, 477 U.S. at 386; *Bland v. Hardy*, 672 F.3d 445, 450 (7th Cir. 2012) ("[T]he question under *Strickland* is not whether the lawyer made a mistake, even a serious one; it is whether the lawyer's *overall* performance was professionally competent."). But cf. *Miller v. State*, 298 Kan. 921, 938-39, 318 P.3d 155 (2014) (holding that a single error caused sufficiently substantial legal harm to establish ineffective assistance of counsel).

However, the cumulative error rule does not apply when there are no errors or only a single error. *State v. Lowry*, 317 Kan. 89, 100, 524 P.3d 416 (2023). Here, the district court found no errors, and Bojorquez-Carrasco does not challenge any of the

7

district court's specific findings or conclusions on appeal. So, Bojorquez-Carrasco's argument necessarily fails.

Affirmed.