NOT DESIGNATED FOR PUBLICATION

No. 111,997

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DWIGHT BIVINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed September 18, 2015.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  Dwight Bivins appeals the denial of his motion for a sentencing departure, contending his trial counsel was ineffective. Finding no error, we affirm.

FACTS

Bivins pled guilty to one count of solicitation to distribute marijuana, one count of solicitation to distribute cocaine, and one count of possession of cocaine. Prior to sentencing, Bivins filed a motion for a dispositional or durational departure, arguing among other factors, he should be granted a departure to probation because he was a drug

1

addict and was enrolled in drug treatment. At the sentencing hearing, Bivins provided no corroborating evidence to prove he was enrolled in drug treatment and the district court denied his departure motion, finding he was not amenable to probation. Bivins now appeals, arguing his trial counsel was ineffective for failing to provide evidence he was participating in drug treatment.

In support of his departure motion, Bivins cited several substantial and compelling reasons for the court to depart from the presumptive sentence, including: (1) he accepted responsibility for his actions, (2) the degree of harm was significantly less than typical for such an offense, (3) he was 31 years old at the time of the offenses and was employed, (4) he suffered from drug addiction and had undergone a drug and alcohol evaluation and needed treatment rather than incarceration, (5) his rehabilitation would be more beneficial long-term than prison, and (6) his criminal history does not indicate he was a danger to the community.

At the sentencing hearing, Bivins' attorney argued that Bivins suffered from drug addiction and had been evaluated and was currently enrolled in outpatient drug treatment programs. The district court asked for proof of Bivins' participation in drug treatment, but neither Bivins nor his attorney could provide any documentation.

The district court ultimately denied the departure motion. The court found it did not have substantial and compelling evidence to depart because it did not have any proof Bivins was enrolled in drug treatment. The court also noted Bivins had been convicted of similar drug crimes in the past and had violated his bond supervision in this case by testing positive for marijuana. The court determined Bivins would not be amenable to probation and sentenced him to a controlling term of 34 months in prison. Bivins filed a timely appeal.

2

Bivins argues for the first time on appeal his trial counsel was ineffective for failing to provide evidence in support of his departure motion. He claims his attorney should have presented corroborating proof of Bivins' drug evaluation and treatment and the failure to do so was the reason the district court denied the departure motion.

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Consequently, appellate courts review the underlying factual findings for support by substantial competent evidence and the legal conclusions based on those facts de novo. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014).

To establish ineffective assistance of counsel, the defendant must establish (1) that counsel's performance was constitutionally deficient, which requires a showing that counsel made errors so serious that his or her performance was less than that guaranteed by the Sixth Amendment to the United States Constitution, and (2) that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so severe as to deprive the defendant of a fair trial. *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014).

As a general rule, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). Generally the factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through a K.S.A. 60-1507 motion or through a request to remand the issue to the district court for an evidentiary hearing. See *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). An appellate court may only consider an ineffective assistance of counsel claim under extraordinary circumstances, *i.e.*, where there are no factual issues and the two-prong assistance of counsel test can be applied as a matter of law based upon the appellate record. *Wimbley v. State*, 292 Kan.

796, 807, 275 P.3d 35 (2010). If a claim of ineffective assistance of counsel does not fall under these rare circumstances, the appellate court is under no obligation to remand the issue for a *Van Cleave* hearing. *Dull*, 298 Kan. at 839-40.

The Kansas Supreme Court has noted it has "rarely" found an exception to the general rule that ineffective assistance of counsel should first be decided by the district court. See *Trotter v. State*, 288 Kan. 112, 128, 200 P.3d 1236 (2009). The only time the court has applied the exception has been in cases where the deficient performance and resulting prejudice had been demonstrated in the appellate record.

In the present case, Bivins did not raise the ineffective assistance of counsel issue before the district court. He also did not request that we remand the case for a *Van Cleave* hearing. He asks us to determine the ineffective assistance of counsel issue for the first time on appeal, yet he does not argue an "extraordinary circumstance" exists that would warrant us taking up the issue. Even if we assume Bivins is arguing an exception to the rule applies in his case, his argument fails because he does not show how we would be able to decide the issue based on the appellate record alone. Because of this we decline to consider the ineffective assistance of counsel issue for the first time on appeal.

Affirmed.