NOT DESIGNATED FOR PUBLICATION

No. 116,706

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY WALLER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 27, 2017. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Anthony Waller appeals the denial of his K.S.A. 2016 Supp. 60-1507 motion after an evidentiary hearing alleging ineffective assistance of his trial and appellate counsel. Our review of the record reveals the district court's decision is supported by substantial competent evidence, and we find no cumulative error. We affirm.

1

A jury convicted Waller of murder in the first degree and aggravated kidnapping for the beating death of Joshua Haines. The State's key witnesses were Vasie Coons and Chauncey Grissom. They both admitted to being present when Waller beat Haines to death. Waller was sentenced in April 2011 to life imprisonment without the possibility of parole for 20 years for the murder conviction plus a consecutive sentence of 285 months' imprisonment for aggravated kidnapping. The Kansas Supreme Court affirmed Waller's convictions. See *State v. Waller*, 299 Kan. 707, 528 P.3d 1111 (2014).

Waller timely filed a pro se K.S.A. 2016 Supp. 60-1507 motion alleging ineffective assistance of both trial and appellate counsel. In his memorandum supporting his 60-1507 motion, Waller alleged his trial counsel, Carl Maughan, provided ineffective assistance because he (1) failed to "seek, investigate, hire and consult with" a forensic pathologist and forensic psychiatrist; (2) failed to call a witness whose testimony would be exculpatory; and (3) called David Lucas without verifying his testimony would be beneficial to Waller's defense. Waller alleged his appellate counsel, David E. Roberts, failed to (1) properly raise issues on appeal resulting in the issues being deemed abandoned; and (2) brief the errors committed when the prosecutor appealed to the jury's sense of community, stated Waller committed more crimes than he was charged with, told the jury witnesses testified "at great personal peril," and used perjured testimony.

The district court appointed an attorney to represent Waller for his 60-1507 motion. At the evidentiary hearing on September 15, 2016, Roberts, Maughan, and Waller testified.

Roberts testified he felt he had properly briefed the issues the Kansas Supreme Court deemed abandoned. He acknowledged he did not cite to any law or authority for those issues. Roberts admitted he did not raise prosecutorial error in his brief but could

not recall why he chose not to raise the issue. On cross-examination, he testified he has been practicing law since 1979. He testified his primary concern was a new Kansas Supreme Court opinion which guaranteed Waller a new trial since he did not receive lesser included instructions on felony murder. See *State v. Berry*, 292 Kan. 493, 254 P.3d 1276 (2011) (legislatively overruled in 2012 when K.S.A. 2011 Supp. 21-5109(b)(1) was modified to eliminate all lesser included offenses of felony murder).

Maughan testified he was aware two of the State's witnesses had drug abuse issues. However, asking for a psychological examination for the individuals did not occur to him because he believes jurors often think the effects of drug abuse are worse than an expert would outline. Maughan also testified he first became aware of David Lucas, a fellow inmate at the jail who claimed to have knowledge of the case, immediately before trial. He testified he decided to call the witness to insulate Waller from potential negative testimony and to show Lucas had mental health problems. Maughan could not recall whether he spoke with Waller about calling Lucas. Maughan admitted, in hindsight, calling Lucas to testify was not the best decision.

Waller responded Maughan did not discuss with him his intention to call Lucas as a witness. He testified both Coons and Grissom lied and the State knew they were lying when it introduced their testimony. Waller's only evidence to support his claim Coons and Grissom were lying was the fact their stories changed.

The district court found Roberts did not provide ineffective assistance of counsel by failing to adequately brief issues in Waller's direct appeal because the issues were weak or would have resulted in harmless error. It found there was no evidence the State knowingly presented perjured testimony. It denied Waller's claim of ineffective assistance of appellate counsel.

The district court also found the failure to request psychological evaluations of Coons and Grissom was not unreasonable and Maughan did a thorough and complete examination of the State's witnesses. The district court found calling Lucas to testify "was not the wisest decision," but it was trial strategy and did not fall below effective assistance of counsel. Finally, it found Waller did not meet his burden of establishing ineffective assistance of counsel regarding the failure to call a witness who might have testified Grissom committed the murder because there was little testimony on the issue. The district court denied Waller's 60-1507 motion. Waller timely appeals.

ANALYSIS

An appellate court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. After a full evidentiary hearing on a K.S.A. 2016 Supp. 60-1507 motion, the district court must issue findings of fact and conclusions of law concerning all issues presented. Kansas Supreme Court Rule 183(j) (2017 Kan. S. Ct. R. 222). Appellate review of the district court's ultimate conclusions of law is de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

*Appellate counsel was not ineffective.*

To establish ineffective assistance of counsel on appeal, a defendant must show (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014). The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. *Baker v. State*, 243 Kan. 1, 9, 755 P.3d 493 (1988); see *State v. Shelly*, 303 Kan. 1027, 1045, 371 P.3d 820 (2016).

4

"[A]ppellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those which could result in nothing more than harmless error, should not be included as issues on appeal. . . . Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." *Baker*, 243 Kan. at 10.

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Waller asserts Roberts provided ineffective assistance of appellate counsel by failing to brief prosecutorial error. Therefore, to determine whether Waller's claim is valid, this court must first determine whether prosecutorial error occurred. If prosecutorial error occurred, and appellate counsel failed to brief the issue, appellate counsel was ineffective. However, if no prosecutorial error occurred, there was no valid issue to brief.

Under the modified *Sherman* standard, the appellate court uses a two-step process to evaluate claims of prosecutorial error:

"These two steps can and should be simply described as error and prejudice. To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that

5

does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman* [*v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)]. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801, (2011), *cert. denied* 565 U.S. 1221 (2012). We continue to acknowledge that the statutory harmlessness test also applies to prosecutorial error, but when 'analyzing both constitutional and nonconstitutional error, an appellate court need only address the higher standard of constitutional error.' [Citation omitted.]" *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016).

Even if the prosecutor's actions are egregious, reversal of a criminal conviction is not an appropriate sanction if the actions are determined to satisfy the constitutional harmlessness test. *Sherman*, 305 Kan. at 114.

Waller asserts four bases for prosecutorial error. First, he contends the prosecutor relied on knowingly perjured testimony. He also argues the prosecutor appealed to the jury's sense of community and told the jury Waller committed more crimes than he was charged with. Finally, Waller contends the prosecutor erred when he told the jury the witnesses testified "at great personal peril."

The district court found there was no evidence the State knowingly presented perjured testimony, and Roberts thoroughly briefed the important issues in the case. As discussed below, many of Waller's arguments on appeal are abandoned.

*Knowingly Perjured Testimony*

Waller claims the prosecutor erred by relying on knowingly perjured testimony. His entire argument consists of a single, conclusory sentence: "[S]ince the prosecutor knew the witnesses had made different statements during previous testimony, they were lying during trial and the prosecutor knew this." Waller fails to identify any specific discrepancies in the witnesses' testimonies or explain how the inconsistencies prejudiced him. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Sprague,* 303 Kan. at 425. Waller has abandoned this argument. See *Jones v. State*, No. 91,219, 2004 WL 1191644, at *1-2 (Kan. App. 2004) (unpublished opinion) (A nearly identical argument was found to be unpersuasive.).

*Appeals to the Jury's Sense of Community*

Waller argues the prosecutor erred by appealing to the jury's sense of community during closing argument. However, he neither identifies which comments appealed to the jury's sense of community nor expands upon this argument. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Sprague,* 303 Kan. at 425. Waller has also abandoned this argument.

*Mentions of Uncharged Crime*

The entirety of Waller's argument the prosecutor mentioned an uncharged crime is: "[T]he prosecutor . . . argued Waller had committed crimes he had not been charged with. In his closing, the prosecutor argues that Coons and Grissom told police Waller talked about kidnapping Haines' daughter." This argument lacks support in his brief as he fails to explain why the argument was not a fair comment by the prosecutor on the evidence presented to the jury. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Sprague,* 303 Kan. at 425. We deem it abandoned.

7

*"At great personal peril"*

Finally, Waller contends the prosecutor committed error when it informed the jury Grissom and Coons testified "at great personal peril." While a prosecutor may comment on witnesses' motivations or lack thereof to be untruthful, the comments must be based on the evidence or a reasonable inference drawn from the evidence. *State v. King*, 288 Kan. 333, 353, 204 P.3d 585 (2009). Here, the district court sustained Waller's objection to the "great personal peril" comment and told the jury to disregard the comment.

The district court timely and appropriately addressed the prosecutor's comment with the jury. Appellate courts presume juries follow the district court's instructions. *State v. Barber*, 302 Kan. 367, 383, 353 P.3d 1108 (2015). Even assuming the prosecutor committed error by telling the jury Coons and Grissom testified at great personal peril, Waller has failed to show he was prejudiced by the error. The district court instructed the jury to disregard the comment, and there is no evidence the jury failed to follow this instruction. With the district court's timely admonishment to the jury, the prosecutor's statement did not affect the trial's outcome.

Here, we found three of Waller's four claims have been abandoned. Waller's fourth claim, the prosecutor erred when he commented Coons and Grissom testified "at great personal peril," was timely addressed by the district court when it instructed the jury to disregard the comment. Waller has failed to show prosecutorial error occurred. Roberts was not ineffective for failing to brief Waller's alleged prosecutorial misconduct claim. There is substantial competent evidence to support the district court's denial of Waller's claim.

*Trial counsel was not ineffective.*

We apply the same rules as previously discussed for appellate counsel to trial counsel's performance. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014).

Waller alleges his trial counsel, Maughan, was ineffective in three ways. First, he contends Maughan should have hired an expert psychologist to testify regarding the effect of drug use on memory. He also asserts Maughan failed to investigate witnesses who heard Grissom admit he killed Haines. Finally, Waller argues Maughan introduced damaging evidence from Lucas without verifying it would be beneficial to Waller.

### *Failure to Hire an Expert*

If counsel has made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. Strategic decisions made after a less-than-comprehensive investigation are reasonable exactly to the extent a reasonable professional judgment supports the limitations on the investigation. *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (citing *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Waller asserts Maughan's failure to hire an expert psychologist regarding the effects of drugs "on memory and the ability to understand what was going on"—which goes to the witnesses' credibility—meant he received ineffective assistance of counsel. Waller contends the effects of drugs on a person's memories and cognitive abilities are

9

outside the normal experience of a jury and a jury may not know drug use can cause paranoia, hallucinations, or delusions.

At the 60-1507 hearing, Maughan testified he did not consider asking for a psychological examination for either Coons or Grissom. However, he also testified:

> "My personal experience in these things is that often jurors think that the effects of drug abuse are actually worse than an expert might testify that they are so I guess it was kind of a gut decision. It didn't occur to me to have an expert evaluate them or testify to it."

The district court found the failure to request psychological evaluations for Coons and Grissom was reasonable. It found Maughan thoroughly and completely examined the witnesses and presented evidence of the effects of drugs to the jury.

Our research reveals no caselaw to support the need to obtain a psychological examination of Coons or Grissom. Likewise, we are not convinced an expert on the effect of drugs would have provided any useful information for the jury. Maughan did not seek to have an expert evaluate the witnesses because he believed, based on his experience, jurors often think the effects of drug abuse are worse than what an expert would outline to the jury. Maughan's decision was based on his experience and reasonable professional judgment. As such, the decision not to call an expert witness to testify regarding the effects of drug abuse was a strategic decision. Maughan's decision does not reflect ineffective assistance of counsel.

Further, even if Waller had shown the failure to hire an expert was deficient, he has not shown prejudice. On cross-examination, Maughan established Coons was a paranoid schizophrenic who self-medicated using methamphetamine and marijuana. Maughan established Coons was paranoid and having hallucinations. Coons acknowledged methamphetamine and marijuana enhanced his paranoia and his

10

hallucinations. Similarly, Grissom acknowledged he had been up for three days on a crack cocaine binge, had been smoking marijuana, drinking alcohol, and had taken some ecstasy on the night in question. Before the jury, Maughan adequately called Coons' and Grissom's testimony into question. Waller has failed to show Maughan's decision prejudiced him.

*Failure to Investigate a Witness*

Waller contends Maughan was ineffective for failing to investigate a witness who heard Grissom admit he had killed Haines. The brief fails to state who the witness was or exactly what he would testify to. Waller's limited claim in his brief is insufficient to raise the issue. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Sprague,* 303 Kan. at 425. Waller has abandoned this issue.

*Introduction of Damaging Evidence*

Finally, Waller argues Maughan provided ineffective assistance by calling Pickard and Lucas without having a better idea what they were going to testify to. He contends: "[T]rial counsel was deficient in calling a witness without having a better idea of what that witness was going to testify. In calling . . . Lucas without knowing what [he was] going to testify to, the defense corroborated the State's case and greatly damaged the defense." The discussion of this issue is limited to these two conclusory sentences. Nevertheless, as previously discussed, Maughan acknowledged in hindsight it was not his best decision, but it was one he made in the course of the jury trial as part of his strategy. Strategic decisions made by counsel are virtually unchallengeable. See *Cheatham*, 296 Kan. at 437.

11

Our analysis of Waller's three claims against trial counsel for ineffective assistance reflects one was abandoned and the other two claims—he failed to hire an expert witness and his bad decision to call Lucas—fail because the decisions were reasonable strategic decisions. Even if they were not reasonable strategic decisions, Waller has not shown how the decisions prejudiced him. The denial of Waller's claim is supported by substantial competent evidence.

*No Cumulative Error*

Waller's last claim is, given the totality of the mistakes made, they combine to deny him a fair trial. He requests reversal based on cumulative error. However, the court will find no cumulative error when the record fails to support the errors defendant raises on appeal. *State v. Marshall,* 303 Kan. 438, 451, 362 P.3d 587 (2015). We have found no errors. Waller is not entitled to a cumulative error finding.

Affirmed.