NOT DESIGNATED FOR PUBLICATION

No. 121,137

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

XAVIER A. HUTCHERSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed March 13, 2020. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Meghan K. Morgan*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., POWELL, J., and LAHEY, S.J.


PER CURIAM: Xavier Hutcherson appeals the summary denial of his K.S.A. 60-1507 motion. In that motion, Hutcherson argued that his trial counsel was ineffective when the attorney's conduct led him to waive two constitutional rights: his right to a jury trial and his right to confront witnesses. We find the district court appropriately denied Hutcherson's motion and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts of Hutcherson's convictions are discussed at length in *State v. Hutcherson*, No. 113,669, 2016 WL 2942304 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1325 (2017). After a bench trial, Hutcherson was convicted of possession of marijuana with the intent to distribute, possession of methamphetamine with the intent to distribute, felony battery of a law enforcement officer, and felony interference with law enforcement. The facts relevant to this appeal stem from Hutcherson's waiver of certain constitutional rights leading up to his trial: (1) his waiver of his right to a jury trial and (2) his stipulation to the foundation of a KBI report, a decision he now frames as a waiver of his right to confrontation.

Hutcherson waived his right to a jury trial at a pretrial conference. At that time, Hutcherson engaged in a discussion with the court and counsel, during which he indicated he was unsure whether he would continue to demand a jury trial or proceed to a bench trial. He ultimately stated: "I'll take the bench trial; I'll waive my right to a jury trial." Before accepting Hutcherson's waiver, the district court confirmed it was freely and voluntarily made, that Hutcherson was not under the influence of any substance that would cloud his decision-making process, and that no one made any threats or promises inducing his waiver. Hutcherson stated he understood the nature of the right he was giving up and acknowledged he had discussed the matter with his attorney. Hutcherson also agreed he was satisfied with his trial counsel's representation and did not have any complaints—although he did state he wished his attorney had come to visit him. After this colloquy, the court accepted Hutcherson's waiver and set the case for a bench trial.

Due to a problem securing the availability of the chemist who produced the KBI report analyzing the drugs seized from Hutcherson, the State moved to continue the trial. Hutcherson opposed the requested continuance, and the district court held a hearing on the matter. In the interest of facilitating the trial on the scheduled date, Hutcherson agreed

to waive any objection to the foundation of the KBI report, relieving the State's need to call the chemist as a witness. The court then directly addressed Hutcherson and asked him whether his decision to stipulate to the report was freely and voluntarily made. Hutcherson responded that it was.

At trial, Hutcherson was convicted of all charges. On direct appeal, this court reversed and remanded Hutcherson's conviction for felony interference with law enforcement with directions to resentence and treat that crime as a misdemeanor. 2016 WL 2942304, at *5-6. After Hutcherson was resentenced, he filed a pro se K.S.A. 60-1507 motion alleging ineffectiveness of his trial and appellate counsel.

Hutcherson alleged his trial counsel was ineffective because (1) he failed to preserve his objection to the district court's interference with his right to counsel; (2) his motion to dismiss on speedy trial grounds was deficient; (3) he failed to file a K.S.A. 60-1501 petition and a motion to stay proceedings; (4) he failed to file three separate pretrial motions Hutcherson requested; (5) he failed to sufficiently confer or consult with Hutcherson about the facts of the case, which led to Hutcherson's waiver of his right to a jury and his waiver of "other fundamental constitutional rights"; and (6) he failed to object to the district court's encroachment on duties of the prosecution and interference with his right to counsel.

Hutcherson alleged that his appellate counsel (1) failed to raise speedy trial issues in his direct appeal; (2) failed to raise an ineffective assistance of counsel claim; (3) failed to file a *Van Cleave* motion; and (4) failed to raise all potentially meritorious issues preserved by his trial counsel. Hutcherson also argued the prosecutor on his case had a conflict of interest because she had represented him in a prior criminal case.

The State requested summary disposition and dismissal of Hutcherson's motion, arguing Hutcherson failed to establish sufficient grounds on which he would be entitled

to relief. Hutcherson was appointed counsel, who argued that Hutcherson's allegations of ineffective assistance of counsel were supported by the record and could, if proven, establish a reasonable probability that, but for the acts and omissions of his counsel, there would have been a different outcome.

The district court summarily denied Hutcherson's motion. With regard to the claims Hutcherson raises in this appeal, the court observed:

> "A pretrial hearing was held in the petitioner's underlying criminal case on April 28, 2014. At that hearing the petitioner waived his right to a jury trial and affirmatively stated to the court that he was satisfied with trial counsel. When asked about any specific complaints the petitioner had regarding his attorney, the petitioner did raise a concern that counsel had not come to see him, but upon further inquiry he confirmed that he had a chance to talk to counsel and wanted to proceed with the jury trial waiver. . . . No other 'fundamental constitutional rights' are identified in the petition filed herein. The claims of the petitioner on this issue are without merit."

Hutcherson appeals.

## DISCUSSION

While Hutcherson states that the district court erred in summarily denying all the claims in his issue statement, he only discusses two claims on appeal—one of which was not raised in his original K.S.A. 60-1507 motion. Accordingly, we only address the two issues he now presents. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) ("'An issue not briefed by an appellant is deemed waived and abandoned.'").

Hutcherson argues that the ineffectiveness of his trial attorney led him to waive his right to a jury trial and to waive his right to confrontation. The State asserts Hutcherson provided no facts, witnesses, or other sources of evidence supporting his jury-trial claim and waived any argument about his right to confrontation by failing to raise it below.

4

Thus, the district court correctly found the motion, files, and records of the case establish that Hutcherson is not entitled to relief.

An appellate court's standard of review when examining a K.S.A. 60-1507 motion depends on how the district court ruled below. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). When the district court summarily denies a K.S.A. 60-1507 motion—as it did here—an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To avoid summary denial of his K.S.A. 60-1507 motion, Hutcherson bore the burden of establishing that his claims warranted an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 2019 Supp. 60-1507(b); Supreme Court Rule 183(f) (2019 Kan. S. Ct. R. 228); see also *Mundy v. State*, 307 Kan. 280, 302, 408 P.3d 965 (2018) (holding that the condition triggering the evidentiary hearing requirement is a district court's determination that the motion presents substantial issues of law or fact).

While Kansas courts liberally construe pro se pleadings, a pro se movant still bears the burden to allege facts sufficient to warrant a hearing on the motion. 307 Kan. at 304. And "'mere conclusions . . . are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record.'" 307 Kan. at 304. To meet this burden, a movant's contentions either must set forth an evidentiary basis to support his or her contentions or the basis must be evident from the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). When ruling on a K.S.A. 60-1507 motion, a district court is required to "make findings of fact and conclusions of law on all issues presented." Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 230).

1. *The district court correctly found Hutcherson has not shown ineffective assistance of counsel induced his waiver of his right to a jury trial.*

Hutcherson claims the district court erred in summarily denying his claim because his jury trial waiver claim could not be conclusively deemed to be meritless without an evidentiary hearing. The State responds that Hutcherson failed to proffer any facts, names of witnesses, or any other source of evidence to demonstrate that he was entitled to relief. The State points out that the record supports the district court's finding that Hutcherson was satisfied with the representation provided by his counsel and freely and voluntarily waived his right to a jury trial.

To establish ineffective assistance of his trial counsel, Hutcherson was required to show that his trial counsel provided deficient representation and that this deficient representation prejudiced his rights and affected the outcome below. See *Mundy*, 307 Kan. at 296 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). When reviewing whether representation was deficient, there is a strong presumption that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). In other words, the errors must be so serious that counsel's performance was less than that guaranteed by the Sixth Amendment. *Mundy*, 307 Kan. at 296. To establish prejudice, a movant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Miller v. State*, 298 Kan. 921, 934, 318 P.3d 155 (2014). Stated differently, the required showing of prejudice requires a showing that counsel's errors were so serious they deprived the defendant of a fair trial. *Mundy*, 307 Kan. at 296.

Hutcherson has not made either required showing. As the district court noted in its order, before Hutcherson waived his right to a jury trial, the judge specifically asked whether he was satisfied with his counsel's representation. While Hutcherson stated he was displeased that his attorney had not come to see him, he noted that he was satisfied

with his services. Hutcherson further stated that he understood the nature of the right he was giving up and that he was entering his waiver freely and voluntarily. There is nothing in the record to support Hutcherson's claim that his attorney's performance was deficient due to a failure to confer or consult with him. And even if his attorney's performance were considered deficient, Hutcherson has not provided—and the record does not reflect—any probability that the outcome of his trial would have been different if the case had been tried to a jury instead of a judge. He has not provided any factual basis to support his conclusory claims.

In the absence of any evidence in the hearing transcript to support Hutcherson's claim, he needed to set forth an evidentiary basis to support his motion—naming witnesses or other sources of evidence demonstrating his entitlement to relief. He did not do so. On appeal, Hutcherson admits that the facts supporting his claim were "meagerly presented" in his motion, yet he states his assertions—if true—would be sufficient to require an evidentiary hearing. But all Hutcherson's motion alleged was that his attorney "failed to confer or consult with petitioner about the facts and evidence involved in his [*sic*] in a sufficient manner or not at all and, consequently, his decision to waive his right to a jury . . . was not knowingly, intelligently and understandingly made." The record does not support this assertion.

Hutcherson agreed during the pretrial conference that he had discussed the matter with his counsel and freely and voluntarily decided to waive his right to a jury trial. The motion, files, and records conclusively establish that Hutcherson is not entitled to relief on his claim that he waived his right to a jury trial due to ineffective assistance of counsel. The district court did not err in summarily denying this claim.

2. *Hutcherson did not raise the waiver of his right to confrontation before the district court and provides no argument or explanation as to why this court should consider the claims for the first time on appeal.*

Hutcherson focuses the bulk of his argument on appeal on his second argument—the alleged waiver of his right to confrontation resulting from his stipulation to the foundation of a KBI report. The State notes that Hutcherson did not raise this issue in his motion or at any time before the district court. Hutcherson does not address preservation in his brief and did not submit a reply brief explaining why this argument can be raised for the first time in this appeal.

As a general rule, an issue not previously raised—during trial proceedings, on direct appeal, or during district court proceedings on a K.S.A. 60-1507 motion—cannot be considered for the first time on appeal. *Trotter v. State*, 288 Kan. 112, 124, 200 P.3d 1236 (2009). Similarly, this court will not consider constitutional issues raised for the first time on appeal unless one of three recognized exceptions applies: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision. 288 Kan. at 125; see *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016).

A party raising an unpreserved issue must invoke one of these exceptions and provide a persuasive argument as to why this court should consider it for the first time on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); see also Supreme Court Rule 183(c)(3) (2019 Kan. S. Ct. R. 229) ("Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, *provided exceptional circumstances excuse the failure to appeal*." [Emphasis added.]). Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35) similarly directs: "If the issue was not raised

8

below, there *must* be an explanation why the issue is properly before the court."
(Emphasis added.)

Our Supreme Court has warned that litigants must comply with Rule 6.02(a)(5) "or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (stating a party fails to comply with Rule 6.02(a)(5) when the brief does not explain why the argument can be raised for the first time on appeal). The court has directed that Rule 6.02(a)(5) is to be strictly enforced. *Godfrey*, 301 Kan. at 1044. Thus, *Godfrey* declined to reach the merits of the defendant's claim because the defendant's brief was "woefully insufficient" and merely argued the merits—proffering no reason why the court should have considered the argument for the first time on appeal. 301 Kan. at 1044. In finding the claim was not appropriately preserved, the court cautioned that "Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril. . . . We are now sufficiently post-*Williams* that litigants have no excuse for noncompliance with Rule 6.02(a)(5)." *Godfrey*, 301 Kan. at 1043-44.

Hutcherson does not acknowledge his failure to preserve his confrontation claim, explain why it was not raised below, or provide any basis for this court to consider it for the first time in this appeal. He makes no attempt to argue any of the recognized exceptions that could permit this court to consider his unpreserved claim. In his statement of the issue on appeal, Hutcherson merely states the district court erred in summarily denying his claim that he "waived his right to a jury trial and *(presumably)* his right to confrontation." (Emphasis added.) Hutcherson's original K.S.A. 60-1507 motion claimed:

> "[T]rial counsel . . . failed to confer or consult with petitioner about the facts and evidence involved in his [*sic*] in a sufficient manner or not at all and, consequently, his decision to waive his right to a jury . . . *and to forego some of his other fundamental constitutional rights* was not knowingly, intelligently and understandingly made." (Emphasis added.)

It is under the banner of "other fundamental constitutional rights" that Hutcherson couches his confrontation argument—and presumably why he included "(presumably)" in his issue statement. Yet Hutcherson made no effort to correct the district court when it remarked, after addressing his jury-trial claim, that "[n]o other 'fundamental constitutional rights' are identified in the petition filed herein."

The nature of Hutcherson's arguments in his brief underscores the importance of allowing district courts the first opportunity to consider a movant's claims under K.S.A. 60-1507. We are a court of review, and preservation is the only sure way to develop a record that permits meaningful appellate review. A movant should not be allowed to remain silent before a district court, only to argue on appeal extensive factual allegations—asserting in hindsight that the court should have held an evidentiary hearing on a claim never raised before the filing of an appellate brief. Hutcherson neither preserved this argument before the district court nor complied with Rule 6.05(a)(5). We find his confrontation argument is not properly before this court.

The motion, files, and records in this case conclusively establish that Hutcherson is not entitled to relief on his jury-trial claim. And Hutcherson has failed to offer any reason why this court can reach his argument regarding the waiver of his right to confrontation. Accordingly, we affirm the district court's summary denial of Hutcherson's K.S.A. 60-1507 motion.

Affirmed.