NOT DESIGNATED FOR PUBLICATION

No. 122,214

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID D. WASYLK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed November 13, 2020. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: David D. Wasylk appeals the district court's denial of his K.S.A. 60-1507 motion following a full evidentiary hearing. On appeal, he claims his trial counsel was constitutionally ineffective. Upon review of the record and application of the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), we agree with the district court that Wasylk's trial counsel's performance did not prejudice Wasylk at his trial. We affirm.

1

In 2013, Michelle Hernandez-Corea accompanied Wesley Gohring over a month-long period while he manufactured methamphetamine in a trailer located on the Wasylk family farm. When Hernandez-Corea was later arrested for selling methamphetamine, she told police officers where Gohring had been making it. Police officers obtained a search warrant for the Wasylk property and discovered a list of items commonly associated with the manufacture of methamphetamine. The State charged Wasylk in a 10-count complaint based on the theory he had aided and abetted Gohring in the commission of several drug-related crimes, including 7 counts of manufacturing methamphetamine.

In 2014, Wasylk's case proceeded to jury trial. The State's case largely depended on Hernandez-Corea's eyewitness testimony about her dealings with Gohring and Wasylk. Gohring was unavailable as a witness at trial because of his pending criminal charges. Some of the evidence presented at trial relevant to this appeal is briefly summarized.

According to Hernandez-Corea's testimony, between July and August 2013, she accompanied Gohring three or four times while he made methamphetamine on the Wasylk property. Wasylk visited them most times they were there. During Wasylk's visits, he turned on the water in the trailer for them, asked them if the methamphetamine was done, and assured them they were still safe on the farm. At one point, Wasylk brought them pseudoephedrine pills. On cross-examination, Wasylk's retained counsel, Barry Clark, attacked Hernandez-Corea's credibility by questioning her about her heavy consumption of methamphetamine during the time frame she witnessed Wasylk at the farm and how her drug usage impaired her memory and perception. Clark also brought out Hernandez-Corea's prior conviction for forgery, certain inconsistencies in her testimony, and the fact she had received a favorable plea bargain in exchange for her testimony.

In addition to Hernandez-Corea's testimony, the State admitted the content of certain text messages sent and received between Gohring's and Wasylk's phone numbers, as well as the testimony of a pharmacy manager who testified his records showed Wasylk bought pseudoephedrine on July 19, 2013.

Wasylk did not testify in support of his defense.

At the close of the State's case, the district court dismissed three counts of manufacturing methamphetamine as unsupported by the evidence. The jury found Wasylk guilty on the remaining counts: four counts of manufacturing methamphetamine and one count each of possession of pseudoephedrine, ephedrine, lithium metal, or anhydrous ammonia with intent to manufacture a controlled substance; possession of drug paraphernalia with the intent to manufacture a controlled substance; and possession with the intent to use anhydrous ammonia in an unapproved container. The district court sentenced Wasylk to a total of 308 months' imprisonment with 36 months' postrelease supervision.

Wasylk directly appealed his convictions. Another panel of this court affirmed Wasylk's convictions. *State v. Wasylk*, No. 112,128, 2015 WL 6833835, at *1 (Kan. App. 2015) (unpublished opinion). The Kansas Supreme Court denied Wasylk's petition for review in October 2016, and the United States Supreme Court denied Wasylk's petition for writ of certiorari in May 2017.

In March 2018, Wasylk filed this K.S.A. 60-1507 motion pro se, raising several challenges to his convictions, including ineffective assistance of trial counsel, ineffective assistance of direct appeal counsel, prosecutorial error, and judicial misconduct. Wasylk was timely appointed counsel to prosecute his motion. Upon advice from his counsel, Wasylk agreed to limit his claims to how his trial counsel, Clark, had provided constitutionally ineffective assistance:

- "Trial counsel failed to present substantial available exculpatory evidence, including witness testimony, to impeach, discredit and otherwise cast doubt on the state's case with respect to cooperating witness and co-defendant . . . Hernandez-Corea. Discrediting . . . Hernandez-Corea's testimony was the central defense strategy";

- "Trial counsel failed to reasonably investigate the State's claims generally, resulting in a failure to adequately advise . . . Wasylk as to his right to testify, resulting in Wasylk's uninformed decision not to testify on his own behalf to explain text messages entered as evidence at trial"; and

- "Trial counsel failed to advocate for a mistrial after the Order in limine had been violated during Hernandez-Corea's testimony."

An evidentiary hearing was held on Wasylk's K.S.A. 60-1507 motion. Wasylk presented the testimony of Clark and testified on his own behalf; the State presented no evidence. The district court took judicial notice of Wasylk's trial transcript.

Clark testified about his preparation for trial. He prepared for trial by reviewing all discovery materials from the State, including witness statements, law enforcement narrative reports, and Hernandez-Corea's criminal history. He also visited the Wasylk family farm, spoke with Wasylk's parents, and interviewed the pharmacy manager who later testified for the State. Clark discussed the State's case extensively with Wasylk, and, after doing so, Wasylk conceded he had allowed Gohring to manufacture methamphetamine on his family's farm and had supplied Gohring with pseudoephedrine.

Clark also testified about his chosen defense strategy. He agreed the three pillars of the State's case were Hernandez-Corea's testimony connecting Wasylk to Gohring's crimes, text messages between Gohring's and Wasylk's phone numbers, and Wasylk's

4

purchase of pseudoephedrine. Of those pillars, Clark said the "linchpin" of the State's case was Hernandez-Corea's testimony, without which Clark did not believe Wasylk would have been convicted. Clark's defense strategy was to impeach Hernandez-Corea's credibility "to the degree that [he] could," to "distance" Wasylk from Gohring's activities at the farm, and to keep out as much inculpatory evidence as possible. Clark said he was able to effectively attack Hernandez-Corea's credibility on cross-examination by bringing up how her methamphetamine usage during the time frame impaired her perception of Wasylk's involvement in the crimes, if any.

Wasylk's testimony about Clark's trial preparation and chosen defense strategy generally tracked with Clark's. He agreed Clark had discussed the State's case with him several times before trial. Wasylk testified he understood Clark's defense strategy was to attack Hernandez-Corea's credibility and to keep out certain evidence regarding his purchase of pseudoephedrine and text messages between Gohring and him.

Wasylk also testified he believed Clark could have done more at trial to discredit Hernandez-Corea's testimony. When asked what other information Clark could have used to discredit Hernandez-Corea, Wasylk testified he "had heard she was into quite a few things drug related that I don't think we got into." Wasylk further explained, "People that knew her, people in the county jail," had told him there was "more dirt" on Hernandez-Corea's "convictions [and] trouble with the law."

At the conclusion of the hearing, the district court denied Wasylk's K.S.A. 60-1507 motion. It found Clark had elicited from Hernandez-Corea during cross-examination "that she was using during the time period that these events took place, and that that use impaired her memory in some respects," and her "prior conviction for a crime that involved dishonesty, which would be a discrediting factor." The district court found Wasylk presented nothing more than "jailhouse rumors" on what additional evidence Clark could have discovered and used to further discredit Hernandez-Corea's

5

trial testimony. The district court then found Wasylk failed to establish Clark's performance was deficient or that Clark's performance prejudiced him.

Wasylk filed his notice of appeal after the district court announced its ruling from the bench and before the written journal entry was filed. Even though Wasylk's appeal was premature, it became effective when the district court filed its journal entry. See Supreme Court Rule 2.03(a) (2020 Kan. S. Ct. R. 14).

DID THE DISTRICT COURT ERR BY DENYING WASYLK'S K.S.A. 60-1507 MOTION?

"The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel, and denial of the right can lead to reversal of a jury verdict." *Balbirnie v. State*, 311 Kan. 893, 897, 468 P.3d 334 (2020). The right applies to state proceedings by the Fourteenth Amendment to the United States Constitution. *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). When a movant's ineffective assistance of counsel claim stems from counsel's deficient performance, our reversibility analysis is controlled by the two-prong test established in *Strickland*, 466 U.S. at 687-88. Under the first prong, the movant must show counsel's performance was deficient under the totality of circumstances. Under the second prong, the movant must show prejudice, meaning there is a reasonable probability the jury would have reached a different result absent counsel's deficient performance. *Bledsoe v. State*, 283 Kan. 81, 90-91, 150 P.3d 868 (2007); see *Balbirnie*, 311 Kan. at 897.

A K.S.A. 60-1507 motion provides the means for a movant to collaterally attack his or her conviction based on an ineffective assistance of counsel claim. See *State v. Mitchell*, 297 Kan. 118, 121, 298 P.3d 349 (2013). Our review of the denial of a K.S.A. 60-1507 motion depends on how the district court resolved it. When, as in this case, the district court denied the motion after a full evidentiary hearing, we apply a mixed standard of review. First, we determine whether the district court's factual findings are

6

supported by substantial competent evidence. Second, we review the district court's legal conclusions based on those facts de novo. *Balbirnie*, 311 Kan. at 897-98.

On appeal, Wasylk has limited his claim to ineffective assistance of counsel based on Clark's alleged failure to adequately investigate and cross-examine Hernandez-Corea. Wasylk does not challenge the two other claims the district court heard at the evidentiary hearing—Clark's alleged failure to advise Wasylk of his right to testify and failure to advocate for a mistrial. Those issues are therefore abandoned on appeal. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed considered waived and abandoned).

As for the two remaining claims Wasylk has preserved on appeal, he does not challenge the district court's factual findings. Thus, the only question on appeal is whether the district court's factual findings support its legal conclusion that Clark's representation of Wasylk satisfied the two-prong inquiry established by *Strickland*.

In *Strickland*, 466 U.S. at 697, the United States Supreme Court provided guidance that a claim of ineffective assistance of counsel can be disposed of by addressing the prejudice prong of the analysis first:

> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result."

Even if we assume without deciding Clark's representation of Wasylk was deficient, Wasylk has failed to show he was prejudiced by Clark's chosen method of investigation and cross-examination of Hernandez-Corea.

Defense counsel has the sole authority to make certain strategic decisions for trial, including whether and how to conduct a cross-examination. *Bledsoe*, 283 Kan. at 92. Defense counsel also has a duty to make reasonable investigations of the relevant law and facts. Generally, defense counsel cannot make a strategic decision if the investigation on which such a decision is based is inadequate. But defense counsel may make a reasonable decision that a certain investigation is unnecessary, especially if the investigation would likely be "fruitless or even harmful" to the defendant. *Strickland*, 466 U.S. at 690-91; see *State v. Butler*, 307 Kan. 831, 854, 416 P.3d 116 (2018). In reviewing the reasonableness of defense counsel's conduct, we apply a high level of deference to counsel's judgments. *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 (2015).

When we focus our review on the prejudice prong of the analysis, we find Wasylk fails to establish how a more in-depth investigation into Hernandez-Corea's background by Clark would have changed the outcome of the jury trial. At the evidentiary hearing, Wasylk did not specify what information Clark could have gathered through a more thorough investigation of Hernandez-Corea other than "more dirt" on her prior drug convictions. Wasylk claimed there were rumors about other drug convictions, but those were just jailhouse rumors. Clark testified—and Wasylk did not dispute—he had reviewed Hernandez-Corea's criminal history in preparation for trial. In fact, Clark used Hernandez-Corea's prior conviction for forgery, a crime of dishonesty, to impeach her credibility. Thus, Clark already had at his disposal the only additional information Wasylk claimed could have been discovered. Clark properly used Hernandez-Corea's prior forgery conviction as impeachment evidence.

Wasylk also fails to establish Clark's cross-examination of Hernandez-Corea was prejudicial. Even assuming Hernandez-Corea had prior drug convictions, Wasylk failed to show how Clark could have used such evidence at trial to further impeach her credibility. Generally, a prior conviction is admissible to impeach a witness' credibility only if it involves a crime of dishonesty. K.S.A. 60-421. Prior drug convictions are not crimes of dishonesty, so they are inadmissible for impeachment. *State v. Kee*, 27 Kan. App. 2d 677, 682-83, 6 P.3d 938 (2000). Clark's cross-examination of Hernandez-Corea cannot be prejudicial for failing to attack her credibility with inadmissible evidence. See, e.g., *Fuller*, 303 Kan. at 495. The record shows Clark impeached Hernandez-Corea within the constraints of the law by eliciting not only her forgery conviction, but also how her drug use adversely affected her perception of Wasylk's involvement. See *State v. Osby*, 246 Kan. 621, 626, 793 P.2d 243 (1990).

Wasylk merely speculates "more dirt" on Hernandez-Corea based on jailhouse rumors would have helped his defense. He offers no causal connection between how Clark's performance prejudiced his defense and how the outcome of the trial would have been different. Speculation is not enough to establish prejudice and, without more, Wasylk's claim fails. See *Pena-Gonzales v. State*, No. 121,581, 2020 WL 3487478, at *4 (Kan. App. 2020) (unpublished opinion). Substantial competent evidence supports the district court's denial of Wasylk's K.S.A. 60-1507 motion based on the factual determination Clark's performance did not prejudice Wasylk's trial.

Affirmed.