NOT DESIGNATED FOR PUBLICATION

No. 123,998

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TANNER C. WARD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed August 5, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Tanner C. Ward*, appellant pro se.

*Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and COBLE, JJ.

PER CURIAM: A jury convicted Tanner C. Ward of two counts of aggravated indecent liberties with a child and one count of intimidation of a witness. After his convictions were affirmed on direct appeal, Ward filed a K.S.A. 60-1507 motion alleging ineffective assistance of counsel. Following an evidentiary hearing, the district court found that Ward's trial counsel was not ineffective and denied his motion. Ward appeals arguing that the district court erred in finding that his trial counsel properly advised and prepared him about his right to testify. He also argues that his postconviction counsel was ineffective and asks us to remand for a *Van Cleave* hearing. See *State v. Van Cleave*, 239

1

Kan. 117, 716 P.2d 580 (1986). After reviewing the record and the parties' arguments, we find that Ward is entitled to no relief and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, the State charged Ward with two counts of aggravated indecent liberties with a child and other crimes. The district court held a two-day jury trial, and the State presented evidence and called several witnesses. Ward presented no evidence and, after consultation with his attorney, declined to testify. The district court questioned Ward about his understanding of his right to testify:

"Q. Would you rise, Mr. Ward? Throughout the course of the trial tactical decisions are made by your counsel on how to proceed. Certain decisions remain yours and yours alone. Those are decisions regarding your constitutional rights. One of those rights is the right to testify or not testify.

"Are you indicating to me you listened to the advice of counsel but that it is your decision and your decision alone not to testify in today's trial?

"A. Yes, Your Honor."

The jury found Ward guilty of two counts of aggravated indecent liberties with a child and one count of intimidation of a witness but acquitted him of other charges. The district court sentenced Ward to 83 months in prison. Ward appealed arguing that the district court erred in failing to instruct the jury on lesser included offenses, but this court affirmed Ward's convictions. *State v. Ward*, No. 117,358, 2018 WL 1247168, at *5 (Kan. App. 2018) (unpublished opinion).

On July 16, 2019, Ward filed a K.S.A. 60-1507 motion alleging many ineffective assistance of counsel claims against his trial attorney, Christine Jones, and an ineffective assistance of counsel claim against his appellate counsel, Randall Hodgkinson. Ward claimed that Jones was ineffective because she did not obtain psychiatric records of the

2

victim; she did not interview or depose any witnesses; she did not prepare Ward to testify and advised that he should not testify; she did not review the evidence with Ward before trial; she did not consult or retain an expert witness; she did not request a physical or mental exam of the victim; she conceded guilt to the jury; she failed to effectively cross-examine the State's witnesses; she did not complete an analysis of Ward's voice compared to the voice in a recording from the State; she did not investigate leads or file a motion for discovery; she did not object to evidence or jury instructions; she did not introduce evidence of a witness' prior convictions; she did not request a limiting instruction; she filed insufficient motions; and she did not protect Ward's right to confrontation. Ward claimed that Hodgkinson was ineffective because he failed to raise in his brief the following trial errors: (1) prosecutorial misconduct; (2) abuse of discretion/violation of best evidence rule; (3) abuse of discretion in allowing unlawful/illegal evidence to be admitted; and (4) abuse of discretion in denying movant's downward departure motion.

The State moved to dismiss, and the district court held a hearing on March 16, 2021. Ward appeared in person and through his postconviction attorney, Shannon S. Crane. During opening statements, Crane agreed to withdraw the ineffective assistance claim against Hodgkinson. After the opening statements, the district court dismissed several claims but ruled it would need to hear evidence on the remaining claims.

Jones testified to her experience, preparation for trial, strategies, and interactions with Ward. More specifically, Jones testified that she met with Ward to discuss the case three times before the preliminary hearing. She testified that she provided a copy of the discovery in the case to Ward. Jones advised that Ward never gave her any information about possible witnesses. She acknowledged that Ward was returned to prison on another case after the preliminary hearing, which made it difficult for her to have contact with him. But she testified that Ward was transported back to Reno County about a week before the trial and she visited with him during that time. Jones testified that she made it

clear to Ward that it was his decision to testify at trial, although she advised against it. She testified that Ward agreed with her advice about not testifying at trial.

Ward testified to his experience with Jones detailing communications and interactions with her. More specifically, Ward recalled discussing whether to testify. He said, "I discussed [testifying] with her . . . and she . . . advised me not to do so." Ward said that was the only conversation they had about him testifying and it lasted less than two minutes. Ward said that he would have liked at least 35 to 40 minutes of discussion about the process and to understand what potential questions he would be asked. On cross-examination, Ward admitted that the district court judge asked him about testifying. Ward stated that he decided not to testify at trial because "without my attorney's approval it would be ill advised to proceed [with testifying]."

After hearing the testimony, the district court dismissed the remaining claims. In dismissing the claim that Jones did not properly prepare Ward to testify at trial, the district court found "there's nothing to suggest that Miss Jones didn't properly prepare him." The district court stated, "I do not find that we have consistent stories between Mr. Ward and Miss Jones, and I choose to believe Miss Jones. I think she's much more credible." Ward timely appealed and received appointed counsel for the appeal.

DID THE DISTRICT COURT ERR IN DENYING WARD'S K.S.A. 60-1507 MOTION?

On appeal, Ward claims the district court erred in finding that his trial counsel, Jones, properly advised and prepared him about his right to testify. Ward renews no other claims against Jones. Issues raised in district court but not briefed on appeal are deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Ward argues that he discussed his desire to take the stand with Jones in person and in writing. Ward asserts that Jones dismissed his wishes and said it was "unwise to get on

4

the stand." Ward says that his interactions with Jones were limited to court appearances and that she did not return his phone calls. Because of this limited interaction, Ward argues that Jones was ineffective in preparing him to testify and so he did not. The State argues that Ward did not meet his burden of showing that Jones was ineffective because Ward did not "make a record at the hearing . . . as to what [h]is testimony would have been, or how it could possibly affect the outcome of the trial."

After a full evidentiary hearing on a K.S.A. 60-1507 motion, the district court must issue "findings of fact and conclusions of law" on all issues presented. Supreme Court Rule 183(j) (2022 Kan. S. Ct. R. at 244). When reviewing the denial of an ineffective assistance claim after an evidentiary hearing, an appellate court must accept the district court's findings of fact if they are supported by substantial competent evidence. But it exercises unlimited review of the determinative legal issues. *Balbirnie v. State*, 311 Kan. 893, 897-98, 468 P.3d 334 (2020).

The right of an accused to have assistance of counsel for his or her defense is guaranteed by the Sixth Amendment to the United States Constitution. The right is "applicable to state proceedings by the Fourteenth Amendment." *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). The guarantee includes not only the presence of counsel but counsel's effective assistance as well. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two factors of *Strickland*: first, counsel's performance was deficient, and second, the defendant was prejudiced in that there is a reasonable probability that the jury would have reached a different result but for the deficient performance. *Sola-Morales*, 300 Kan. at 882.

An attorney's representation of a criminal defendant should rarely be considered ineffective where deliberate strategic decisions were made from potentially suitable

5

options. See *Strickland*, 466 U.S. at 690-91. But in a criminal case, the defendant has the right to decide specific aspects of the case, including whether to testify. *Flynn v. State*, 281 Kan. 1154, 1163, 136 P.3d 909 (2006). And the attorney has the duty to advise the client of that right. *In re Hawver*, 300 Kan. 1023, 1048, 339 P.3d 573 (2014). In other words, "criminal defendants have a personal right to choose to testify or not at trial in their own defense. Although a defendant's lawyer can and should offer advice on the ramifications of testifying, the decision belongs to the client." *State v. Reyes*, No. 121,589, 2021 WL 520667, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 313 Kan. 1045 (2021).

At Ward's K.S.A. 60-1507 evidentiary hearing, Jones testified about her discussions with Ward about him testifying at trial:

> "Q. Did you talk to him prior to trial about his right to testify and all of [that], in attempt to prepare him for trial?
> "A. Yes.
> "Q. When you talked to him about testifying did you tell him he shouldn't take [the stand], or did you just give him information as to let him make up his own decision?
> "A. I have not in 22 years ever told anyone they can't testify. I tell them it's their decision, that I will tell them what I think. I can't put them on the stand if they don't want to be on the stand and I can't keep them off the stand if they do want to be on the stand. That's kind of standard speech that I give everyone.
> "Q. Did you believe it was in his best interests to testify in this case?
> "A. Not really.
> "Q. All right. You are aware of his continued conversations with the victim's mother in attempt to prolong this relationship, however it was defined, is that right?
> "A. Yes.
> "Q. Was that concerning to you that he might begin speaking about those types of issues?
> "A. That concerned me. There were communications through his brother to the victim that concerned me. There were a lot of things I didn't want perhaps [the brother] getting into with Mr. Ward on the stand.
> "Q. Did he agree with you that it would not be in his best interests to testify?

6

"A. That was my understanding.

"Q. And he was given the opportunity in court to determine that?

"A. Yes.

"Q. And he made a determination that he did not want to testify?

"A. Yes."

Ward claims that Jones was lying about the quality and quantity of their interactions, but the district court makes that determination, and the district court found Jones' testimony more credible than Ward's testimony. This court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). And as the State points out, Ward agreed at trial upon questioning from the judge that he understood the decision to testify was his alone to make after listening to the advice of counsel.

Ward does not argue that he was coerced, misled, or otherwise compelled to waive his right to testify in his own defense; he only argues that his limited interactions with Jones and her advice persuaded him not to take the stand. Based on review of the record, Jones' testimony constitutes substantial competent evidence to support the district court's conclusions that Jones informed Ward of his right to testify; that her advice for him not to take the stand was strategic; that Ward knew he had a right to testify; and that Ward knowingly waived that right after consultation with Jones. Ward failed to show that Jones' performance on this issue was deficient. Nor did Ward make a record at the hearing as to what his testimony would have been or how it possibly could have affected the outcome of the trial. Thus, Ward failed to show prejudice. The record supports the district court's decision to deny Ward any relief on this claim.

*Claims in Ward's supplemental brief*

Ward filed a pro se supplemental brief with leave of this court. Although the claims in the supplemental brief are somewhat difficult to decipher, Ward seems to argue

that the district court failed to make sufficient findings of fact and conclusions of law in denying his motion. He also argues that his postconviction counsel, Crane, was ineffective for three reasons and asks us to remand for a *Van Cleave* hearing.

The State points out that the supplemental brief does not comply with Kansas Supreme Court Rule 6.07(a)(1) (2022 Kan. S. Ct. R. at 38) on font size. We agree. Rule 6.07(a)(1) provides that briefs must be formatted with no smaller than 12-point text, double spaced except block quotes, and 2-inch margins. Ward's pro se brief does not meet these standards. Still, the clerk of the Kansas appellate courts did not reject Ward's pro se brief, and we will overlook Ward's failure to comply with the rule.

Ward briefly argues in his supplemental brief that the district court abused its discretion by reaching its conclusion to deny Ward's motion without reviewing evidence or making factual findings and legal conclusions on the record. When a district court denies a K.S.A. 60-1507 motion, Supreme Court Rule 183(j) requires the court to make findings of fact and conclusions of law supporting its decision. This requirement helps the appellate court conduct meaningful review. *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000). In *Moncla* the court remanded for more specific findings because it was "left guessing" as to the district court's rationale for denial of the postconviction motion. 269 Kan. at 65. That is not the case here.

Ward argues that the district court's journal entry lacks the findings of fact and conclusions of law that the district court relied on to base its decision. Ward is correct that the journal entry is brief. That said, an appellate court should not remand solely based on a district court's abbreviated findings—the relevant inquiry is whether the court can conduct meaningful review. See *Robertson v. State*, 288 Kan. 217, 232-33, 201 P.3d 691 (2009) (although district judge's rulings were "'sparse,'" findings and conclusions coupled with the judge's other statements at the hearing were enough to allow for appellate review). Here, although the journal entry may be lacking, the district court

judge made extensive findings on record at the hearing. The judge reviewed each claim in detail and the reasons for dismissal. This court can exercise meaningful appellate review, and there is no need to remand for the district court to make additional findings.

In his supplemental brief, Ward asks this court to "stay this appeal . . . to conduct a *Van Cleave* hearing" to address his claims that Crane, Ward's postconviction counsel, was ineffective for three reasons: (1) Crane did not enter into the record a notarized affidavit by the victim recanting her testimony; (2) Crane did not present irrefutable evidence that Jones lied about letters, visits, and calls to Ward; and (3) Crane agreed with the district court to dismiss Ward's claim that Hodgkinson was ineffective.

> "'[A] defendant seeking to have a case remanded from the appellate courts should set forth with some specificity sufficient details of the evidence to be presented to the trial court . . . so the appellate court may determine in the first instance whether there are valid grounds to expect that a new trial might be granted by the trial court. The appellate courts cannot be expected to operate in a vacuum and grant every motion to remand a case already on appeal absent a showing that the motion . . . has merit and is not frivolous or an attempt to delay the appellate process.' [Citation omitted.]" *Van Cleave*, 239 Kan. at 120.

The extent of a movant's statutory right to be provided with effective assistance of counsel in a K.S.A. 60-1507 proceeding is a legal question subject to unlimited review. *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018). Once counsel has been appointed in a postconviction matter, the appointment should not be a useless formality, and the appointed counsel has a duty to provide effective representation. 307 Kan. at 295.

First, Ward claims that Crane was ineffective because she did not enter evidence of an affidavit from his victim recanting her testimony. Ward claims that the affidavit proves his innocence and should have been presented at his K.S.A. 60-1507 hearing. Ward says that "this could not have been a reasonable strategy on Crane[']s part" to not

9

introduce "the one and only piece of evidence that entirely absolved" him. Ward includes a copy of the affidavit, dated March 11, 2021, as Appendix A of his brief. The only issue at the K.S.A. 60-1507 hearing was whether Jones provided effective assistance of counsel at Ward's 2016 jury trial. Although the affidavit may provide grounds for Ward to file a separate motion for new trial, it was not relevant to the sole issue at the K.S.A. 60-1507 hearing. Crane was not ineffective for not bringing it before the court.

Next, Ward argues that Crane was ineffective because she did not introduce evidence that "irrefutibly [*sic*] showed trial counsel Christine Jones was lying" about their communications with each other. Ward contends that Crane should have presented prison movement logs, phone call logs, visitation logs, and mail logs to support his testimony of how often Jones interacted with him after he was returned to prison on another case. But Jones did not testify that she met with Ward in prison. Jones testified that she met with Ward three times before the preliminary hearing and again during the week before trial. Even so, the district court found that the limited interactions Jones had with Ward were enough for Ward to make an informed decision about whether to testify.

Finally, Ward states that Crane was ineffective by agreeing to dismiss his claim that Hodgkinson was ineffective. But Ward does not make any showing that his ineffective assistance of counsel claims against Hodgkinson would have succeeded. He makes no argument, provides no support, and does not explain how Crane's decision prejudiced him. A point raised incidentally in a brief and not argued is considered waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). Also, Ward was present when the district court dismissed this claim, and he made no objection or other indication that he did not agree with this decision.

Ward fails to make a sufficient showing that any of his claims against Crane warrant a remand for a *Van Cleave* hearing. Ward does not show that Crane was

ineffective or that he was prejudiced by her actions. As a result, Ward has no right to relief on any of his claims in his pro se supplement brief.

Affirmed.